# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EVERETT OLIVER,

     Petitioner,

     v.

          No. 15 C 7189
          Judge James B. Zagel

ANGELA OWENS, Warden, MCC Chicago,

     Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Everett Oliver brings a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2241, challenging his loss of 27 days of good conduct time, 33 days of non-vested time, and eligibility for a one-year sentence reduction for participating in a residential drug abuse program ("RDAP"). Oliver is serving an 84-month sentence for possession with intent to distribute cocaine base, and he is presently housed at the Metropolitan Correctional Center, Chicago ("MCC Chicago"). Now before this Court is Respondent Angela Owens' motion to dismiss. For the following reason, this motion is granted.

## FACTS

Oliver was arrested in July 2008 and, after pleading guilty, sentenced to 84 months imprisonment in July 2010. When Oliver was transferred to a BOP residential re-entry center ("RRC") on March 19, 2015, his provisional good conduct release date was calculated to be September 19, 2015, based on good-conduct credit and a provisional sentence reduction of one year for participating in RDAP. At the RRC, Oliver was given a copy of the conditions of home detention that outlined various rules and expectations that applied to individuals on home detention. These conditions explicitly stated that he was required to remain at his place of residence, except for employment, unless given specific permission to do otherwise. Oliver agreed to accept phone calls from the RRC staff to verify his presence at his home. Oliver also agreed that any failure to inform

RRC staff of his whereabouts could constitute an escape from federal custody. Oliver was also informed that a violation of escape between one and four hours would result in program revocation. Oliver accepted the conditions of home detention and acknowledged receipt of the RRC handbook.

On the evening of June 28, 2015, while he was required to remain at home, Oliver failed to answer eight separate calls to his residence between 10:17 p.m. and 11:17 p.m. and was placed on escape status. When Oliver was successfully contacted at his home telephone at 11:57 p.m., he was instructed to return to the RRC the following morning by 9:30 a.m.

The next day, Oliver appeared at the RRC and was given notice of a center disciplinary committee ("CDC") hearing to be held on July 1, 2015, regarding his alleged violation: escape (1 to 4 hours). The notice informed Oliver that he was entitled to have a staff member represent him at the hearing and that he would have the right to call witnesses and present documentary evidence at the hearing. Oliver declined his staff representative, and he also declined to identify any witnesses for the hearing.

At the CDC hearing, Oliver denied the charge of escape (1 to 4 hours), stating that he was at home during the period in question but that the phone cord had become disconnected from the wall. Oliver did not call any witnesses to support his story, and he initialed the CDC report to indicate that he did not request any witnesses. The CDC ultimately found that, based on his failure to answer multiple spot check phone calls during the night of June 28, 2015, the greater weight of the evidence indicated that Oliver was not at home during the time period in question, and therefore he had committed an escape. The CDC did not credit Oliver's assertion that he was at home but the phone jack had come unplugged from the wall because he had not presented any witnesses who could verify that he was home or any other evidence beyond his own testimony. The CDC recommended the appropriate loss of good conduct time.

Following the hearing, the disciplinary hearing officer reviewed the findings of the CDC and imposed sanctions. As a sanction, Oliver was disallowed 27 days of good conduct time and he

also forfeited 33 days of non-vested time. The final disposition was delivered to Oliver on July 23, 2015, and Oliver was advised of his right to appeal the disposition within 20 calendar days through the administrative remedy program.

As a result of the CDC's findings, the transitional drug abuse treatment coordinator requested removal of Oliver's provisional one-year sentence reduction for participating in the RDAP. Oliver was unable to complete the RDAP requirements because, according to PS 5330.11, inmates are to be removed from RDAP immediately if a disciplinary hearing officer finds that they have committed a prohibited act involving escape. Following the disallowance of good conduct time and the removal of the RDAP sentence reduction, Oliver's current release date via his remaining good-time credits is November 10, 2016.

Oliver was returned to the MCC in Chicago on July 31, 2015. Oliver appealed the disciplinary hearing officer's decision, but his appeal was rejected because it was not filed until August 20, 2015, 28 days after Oliver had received the disciplinary officer's decision and beyond the 20-day period in which Oliver could have timely appealed the determination administratively. Oliver submitted an administrative appeal of that decision to the BOP Office of General Counsel, but that appeal was also rejected because his initial appeal had been untimely.

## DISCUSSION

As a threshold matter, this Court must determine whether Petitioner exhausted his administrative remedies. Although there is no statutory obligation to exhaust administrative remedies under Section 2241, the general common law rule is that a petitioner must exhaust his administrative remedies before seeking relief from this Court. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The purpose of exhaustion is to protect administrative agency authority and to promote judicial efficiency. *Id.* at 1017-18.

In order to exhaust his administrative remedies, "a federal prisoner must comply with the Administrative Remedy Program promulgated by the BOP, which 'allows an inmate to seek formal

review of an issue relating to any aspect of his/her own confinement.'" *Martinez v. Cross*, No. 13 C 15, 2015 WL 1186794, at *2 (S.D. Ill. Mar. 12, 2015) (quoting 28 C.F.R. § 542.10). Where the matter involves an appeal of a disciplinary hearing officer decision, inmates are "not required to first attempt information resolution or to file a BP-9 at the institutional level." *Moon v. Walton*, No. 12 C 1152, 2014 WL 788895, at *2 (S.D. Ill. Feb. 27, 2014). Rather, disciplinary hearing officer "appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2). Further, the deadline for submission of an administrative remedy appeal of a disciplinary hearing officer action to the regional director is 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a), (d)(2). An inmate who is not satisfied with the regional director's response may submit an appeal to the General Counsel within 30 days of the date the regional director signed the response. 28 C.F.R. § 542.15(a).

Exhaustion of administrative remedies is excused only when: (1) requiring exhaustion would cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) substantial constitutional questions are raised. *Gonzalez*, 355 F.3d at 1016; *see also Sanchez v. Miller*, 792 F.2d 694, 697-99 (7th Cir. 1986). Satisfying any exception is a "high" hurdle, *see Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)—one that Petitioner cannot clear.

Although Oliver eventually appealed the disciplinary hearing officer's decision (after he had already filed his habeas petition), his appeal was untimely. Oliver alleges (without supporting evidence) that someone told him to file a BP-10 form rather than a BP-9 form. He claims that he had 30 days to file a BP-10 form (as opposed to the 20 days allowed for a BP-9 form), but this is not true. A BP-10 form is due "within 20 calendar days" just like a BP-9 form. 28 C.F.R. § 542.15(a) (BP-10 deadline is 20 days); 28 C.F.R. § 542.14(a) (BP-9 deadline is 20 days). So whether Oliver was told to

4

file a BP-9 or BP-10, he was still required to file it within 20 days of receiving notice on July 23, 2015, that he had been found to have committed "escape."

Next, Oliver argues that he timely filed the BP-10 form by mailing it on August 10, 2015 (18 days after he received notice) even though BOP records show that the form was not received and logged until August 20, 2015 (28 days after he received notice). Oliver seeks to invoke the "mailbox rule" to argue that he "filed" the form within 20 days. Under the applicable regulations, however, an inmate's request or appeal "is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. Therefore, Oliver's administrative appeal was not filed until the BOP received it on August 20, 2015, which was beyond the 20-day deadline. Because this regulation plainly states that inmate administrative appeals are not "filed" until they have been received and logged, courts have determined that the "mailbox rule" does not apply to federal prisoners' attempts to exhaust their administrative remedies. *Schreane v. Thomas*, No. 14 C 246, 2014 WL 5493190, at *4 (M.D. Pa. Oct. 30, 2014); *Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994).

Oliver also argues that his exhaustion should be excused because he was unable to exhaust before September 19, 2015, the date he would have been released had he not lost a portion of his good-time credits and his RDAP sentence reduction. As Judge Blakey recently held in a similar case, however, a petitioner who is unable to exhaust his administrative remedies before the date he would have been released had he not lost a portion of his good-time credits must nonetheless exhaust his administrative remedies before filing a habeas petition in federal court. *Jones v. Owens*, No. 15 C 7034, 2015 WL 9304494, at *2-3 (N.D. Ill. Dec. 22, 2015). This exhaustion requirement does not prejudice a petitioner because "inmates may receive quicker relief by following prison administrative procedures than by skipping ahead to federal court." *Id.* at *2.

## CONCLUSION

Oliver was required to file an administrative remedy appeal within 20 days, but he did not actually file the appeal until 28 days after he received notice of the disciplinary decision. Oliver's failure to meet the deadline to file an administrative appeal constitutes a procedural default, barring habeas review. Oliver's Petition for Writ of Habeas Corpus is therefore dismissed with prejudice. The Clerk is directed to enter a Rule 58 Judgment in favor of Respondent and against Petitioner. Civil case terminated.

ENTER:

James B. Zagel
United States District Judge

DATE: February 23, 2016